UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-04477-SB (KSx) | Date: | December 22, 2020 |
|---|---|---|---|

| Title: | *Estate of Daniel Hernandez, et al. v. City of Los Angeles, et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER DENYING MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* (DKT. NO. 28)

    Before the Court is the motion for leave to participate in the case as *amicus curiae* ("Motion") filed by movant National Police Association ("NPA"). (Mot., Dkt. No. 28.) Plaintiffs Estate of Daniel Hernandez, Manuel Hernandez, and Maria Hernandez (collectively, "Plaintiffs") oppose. (Opp., Dkt. No. 33.) Defendants City of Los Angeles and Los Angeles Police Department (collectively, "City Defendants") do not oppose. (Dkt. No. 37.) NPA has filed a response. (Dkt. No. 35.) For the following reasons, the Court **DENIES** the Motion **without prejudice**. Should NPA renew its motion in connection with a matter before the Court (e.g., qualified immunity), it must submit the amicus brief it seeks to be considered.

**I.     LEGAL STANDARD**

    The Federal Rules of Civil Procedure do not provide for *amicus curiae* participation. The Ninth Circuit has not set forth a standard, but instead vests broad discretion in the district court to appoint *amici*. *Hoptowit v. Ray*, 682 F.2d

1237, 1260 (9th Cir. 1982). "District courts frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 335 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton,* 246 F. Supp. 2d 59, 62 (D.D.C. 2003)). "However, an amicus curiae is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case." *NGV Gaming.*, 355 F. Supp. 2d at 1068.

## II.     DISCUSSION

Movant NPA is a nonprofit entity formed to support law enforcement. (Mot. at 2.) NPA argues that the use of lethal force in this case concerns the broader interests of law enforcement, specifically the application of affirmative defenses such as qualified immunity. (*Id.*) NPA further seeks "to present its position as to the correct rules of law to be applied in cases involving police response to public protests and demonstrations." (*Id.* at 3.)

At this stage, NPA is essentially seeking to intervene. As NPA notes, "[t]his case is at an early stage," and as a result, no motion practice has taken place yet. NPA proposes that it should be allowed to file an amicus brief after Defendants file an anticipated motion for summary judgment consistent with the briefing schedule set forth by Federal Rule of Appellate Procedure 29(a)(6). (*Id.* at 3.) NPA also requests leave to file trial briefing dependent on the outcome of any motion for summary judgment. (*Id.*)

Plaintiffs argue that NPA's Motion is the improper vehicle to seek participation and is premature because no proposed amicus brief is presently before the Court. (Opp. at 4 n.1.) The Court agrees. Based on the limited record before the Court, there is no indication that preemptively granting leave to file an amicus brief is appropriate. The Court therefore **DENIES** NPA's Motion **without prejudice**.

**IT IS SO ORDERED**.